UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

WENDY TERESE LEONARD,                          Chapter 13
                                                                                   Case No. 13-42920-WSD
                    Debtor.                                Hon. Walter Shapero
_____/

**MOTION TO DISMISS CHAPTER 13 PROCEEDING**
**DUE TO INELIGIBILITY**

        Charles L. Wells, III, Chapter 7 Trustee of Leonard French Holdings, Inc., Creditor, by and through his counsel, Gold, Lange & Majoros, P.C., requests that this Honorable Court enter an Order dismissing this Chapter 13 proceeding. (See Exhibit A). In support of his Motion, the Creditor states as follows:

**Jurisdiction**

        1.        This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

**Facts**

        2.        On February 18, 2013, Leonard-French Holdings, Inc., (the "Corporation") commenced a voluntary Chapter 7 bankruptcy case in the Eastern District of Michigan, Case No. 13-42872; Charles L. Wells, III was appointed as the Chapter 7 Trustee.

        3.        On February 18, 2013, Wendy Terese Leonard (the "Debtor") also commenced a voluntary Chapter 13 bankruptcy case in the Eastern District of Michigan, Case No. 13-42920.

        4.        On March 28, 2013, the 341 first meeting of creditors was held for the Corporation, which was attended by the Debtor, as an officer and majority shareholder of the Corporation.

5. At the 341 first meeting of creditors, the Debtor testified under oath that she was indebted to the Corporation in the amount of $813,372.00.

6. The Debtor also acknowledged that the loans owing to the Corporation by her are reflected on the Corporation's 2011 Form 1120S, U.S. Income Tax Return for an S Corporation on Schedule L, line 7., 'loans to shareholders.' The Debtor further acknowledged the existence of promissory notes included in the Corporation's corporate minutes, that also evidence the loans.

7. On March 4, 2013, the Debtor filed her Schedule F in this case, in which she failed to list the unsecured loans she made to the Corporation, in the amount of $813,372.00.

8. Based on the Debtor's testimony at the 341 for the Corporation, the Debtor knew, or had reason to know of the outstanding loans that she, as a majority shareholder, owed to the Corporation as of December 31, 2011.

9. Pursuant to 11 U.S.C. §109(e), the Creditor contends that the Debtor is not eligible for Chapter 13 relief. As of the petition date, the Debtor exceeds the unsecured debt limit of $360,465.00, based upon corporate documentation, and the Creditor's Proof of Claim, Claim Register No. 3-1. Evidence of the debt is further based upon the Debtor's own testimony at the Corporation's 341, that she owes to the Corporation shareholder loans in the amount of $813,372.00.

**Argument**

10. The debtor is not eligible for relief under Chapter 13 of Bankruptcy Code because of the unsecured debt limitation of $360,475.00 set forth in 11 U.S.C. § 109(e). Section 109(e) states in relevant part:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 [for cases commenced after April 1, 2010] and noncontingent, liquidated, secured debts of less than $1,081,400.00 or an individual with regular income and such individual's spouse . . .that owe, on the date of the filing of the petition, noncontingent,

liquidated, unsecured debts that aggregate less than $367,475 and noncontingent, liquidated, secured debts of less than $1,081,400.00 may be a debtor under chapter 13 of this title.

11. The Sixth Circuit case *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985) provides "a starting point for determining eligibility under §109(e)." *In re Frederick*, 2011 WL 5908957 (Bankr. ED Mich. 2011) p.3. "Chapter 13 eligibility should normally be determined by the debtor's schedules, checking only to see if the schedules were made in good faith." 773 F.2d at 757.

12. Unfortunately, in this case, the Court cannot rely upon the Debtor's schedule F, because it is clearly wrong, leaving off the loan obligations owed to the Corporation altogether. In such a case, the court is not bound by what is found in the Debtor's schedules. *See e.g. In re Smith*, 365 B.R. 770, 789 (Bankr. S.D. Ohio 2007).

13. The only remaining question with regard to §109(e) eligibility is whether the Debtor's liability under the undisclosed loans to the Corporation are noncontingent. A debt is contingent "if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *Blair, supra*, at p.4, citing *In re Smith, supra* at 781.

14. The undisclosed shareholder loans made by the Debtor are best characterized as noncontingent in nature; The Corporation has filed for Chapter 7, and there are no other proceedings or events which could have any impact upon the amount of the outstanding liability, which the Debtor herself has acknowledged. The loans themselves are indicated on the Corporation's 2011 1120S form, filed under penalty of perjury, and the Debtor has indicated that these loans are memorialized by promissory notes, which the Creditor has requested.

## Conclusion

15. Therefore, there is cause for this bankruptcy case to be dismissed under § 109(e).

WHEREFORE, the Creditor requests this Honorable Court enter an Order dismissing this Chapter 13 bankruptcy case.

                                                                        Respectfully submitted,

                                                                      GOLD, LANGE & MAJOROS, P.C.

Dated: April 3, 2013                               */s/ Michelle H. Bass*
                                                      MICHELLE H. BASS (P71358)
                                                      Attorneys for Charles L. Wells, III
                                                      Chapter 7 Trustee of Leonard-French Holdings, Inc.
                                                      24901 Northwestern Highway, Suite 444
                                                      Southfield, Michigan 48075
                                                      Phone: (248) 350-8220
                                                      Fax:    (248) 350-0519
                                                      E-mail: mbass@glmpc.com

H:\GLM CLIENTS - CH7 2005\Leonard-French Holdings, Inc (Wells)\Wendy Lenoard BK case\MTD 4-2-13.wpd

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

WENDY TERESE LEONARD,   Chapter 13
                        Case No. 13-42920-WSD
Debtor.                 Hon. Walter Shapero
_____/

**ORDER GRANTING CREDITOR'S**
**MOTION TO DISMISS BANKRUPTCY CASE**

This matter has come before the Court upon Creditor's Motion to Dismiss Bankruptcy Case; Notice having been served upon the Debtor, the Debtor's attorney, and the matrix of creditors; no responses having been timely filed; and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that this Chapter 13 bankruptcy case is dismissed.

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

WENDY TERESE LEONARD,                 Chapter 13
                                                                      Case No. 13-42920-WSD
                Debtor.                                     Hon. Walter Shapero
_____/

**NOTICE OF CREDITOR'S
MOTION TO DISMISS BANKRUPTCY CASE**

       Charles L. Wells, III, Chapter 7 Trustee of Leonard-French Holdings, Inc., has filed a Motion to Dismiss this Bankruptcy Case.

       **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, within 14 days of the date that this notice is served, you or your attorney must:

1.      File with the court a written objection or request for hearing, explaining your position, at:[1]

                    United States Bankruptcy Court
                    211 W. Fort Street, Suite 2100
                    Detroit, Michigan 48226

       If you mail your objection or request for hearing to the court for filing, you must mail it early enough so that the court will **receive** it on or before the 15 day period expires. All attorneys are required to file pleadings electronically.

2.      You must also mail a copy to:

_____

       [1]Objection or request for hearing must comply with F.R.Civ.P. 8(b), (c) and (e)

# EXHIBIT 2

2

Michelle H. Bass, Esq.  
Gold, Lange & Majoros, P.C.  
24901 Northwestern Highway, Suite 444  
Southfield, Michigan 48075-2204

    If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

                                                                  Respectfully submitted,

                                                                  GOLD, LANGE & MAJOROS, P.C.

Dated: April 3, 2013                                   /s/ *Michelle H. Bass*  
                                                        MICHELLE H. BASS (P71358)  
                                                        Attorney for Charles L. Wells, III,  
                                                        Chapter 7 Trustee of Leonard-French Holdings, Inc.  
                                                        24901 Northwestern Highway, Suite 444  
                                                        Southfield, Michigan 48075  
                                                        Phone: (248) 350-8220  
                                                        Fax:    (248) 350-0519  
                                                        E-mail: mbass@glmpc.com

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

WENDY TERESE LEONARD,                      Chapter 13
                                                           Case No. 13-42920-WSD
             Debtor.                         Hon. Walter Shapero
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2013, I electronically filed *(1) Motion to Dismiss Bankruptcy Case Due to Ineligibility, (2) Proposed Order Motion to Dismiss Bankruptcy Case, (3) Notice of Motion to Dismiss Bankruptcy Case Due to Ineligibility, and (4) Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Office of the U.S. Trustee               Christopher E. Frank
    211 W. Fort Street, Suite 700           6 Parklane Blvd.
    Detroit, MI 48226                          Suite 665
                                                          Dearborn, MI 48126

I also certify that on April 3, 2013, I served via First Class Mail with the United States Postal Service the *(1) Motion to Dismiss Bankruptcy Case Due to Ineligibility, (2) Proposed Order Motion to Dismiss Bankruptcy Case, (3) Notice of Motion to Dismiss Bankruptcy Case Due to Ineligibility, and (4) Certificate of Service* to the following non-ECF participant:

    Wendy Terese Leonard                Matrix of Creditors
    2724 Bembridge
    Royal Oak, MI 48073

                                                GOLD, LANGE & MAJOROS, P.C.

Dated: April 3, 2013                  */s/ Michelle H. Bass*
                                              MICHELLE H. BASS (P71358)
                                              Attorneys for Charles L. Wells, III, Trustee of
                                              Leonard-French Holdings, Inc.
                                              24901 Northwestern Highway, Suite 444
                                              Southfield, Michigan 48075
                                              Phone: (248) 350-8220
                                              Fax:     (248) 350-0519
                                              E-mail: mbass@glmpc.com